NOT FOR PUBLICATION (Doc. No. 5)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOSEPH E. STASKEWICZ, | |
| Plaintiff, | |
| | Civil No. 10-3361 (RBK/AMD) |
| v. | |
| | **OPINION** |
| THE HARRINGTON CORPORATION, EDWARD EICHMANN, MICHAEL HARRINGTON and JOHN DOES 1-5 and 6-10, | |
| Defendants. | |

**KUGLER**, United States District Judge:

Before the Court is Plaintiff Joseph E. Staskewicz's motion to remand this matter to the Superior Court of New Jersey. Plaintiff initiated this lawsuit by filing a Complaint in the Superior Court of New Jersey on January 19, 2010. Defendants removed the matter to this Court on July 1, 2010 pursuant to 28 U.S.C. § 1446. Plaintiff argues that remand is appropriate because Defendants failed to file the Notice of Removal within thirty days of receipt of the Complaint as required by 28 U.S.C. § 1446(b). Defendants argue that because service is proper under New Jersey law when a defendant executes an acknowledgment of service, and because Defendants executed the acknowledgment of service less than thirty days before filing the notice of removal, Plaintiff's motion to remand is meritless. The Court finds that because Plaintiff effected service on June 20, 2010, and Defendants filed the notice of removal less than thirty days after that date, Plaintiff's motion is **DENIED**.

1

I.      BACKGROUND

Plaintiff filed the Complaint in the Superior Court of New Jersey on January 19, 2010. The Complaint alleges that Defendants Eichmann and Michael Harrington made representations that were knowingly false and conspired "to create the false impression" that Plaintiff intended to retire. (Compl. ¶ 35). Plaintiff contends that those actions constitute illegal age discrimination.[1]

Plaintiff's counsel, Kevin Costello and Deborah Mains, forwarded a copy of the Complaint to Defendant Michael Harrington on January 15, 2010. On February 11, 2010, Tobin A. Butler, advised Plaintiff's counsel that he would represent all Defendants in this matter. Mr. Costello and Mr. Butler spoke on the phone shortly thereafter and discussed the issue of acceptance of service of process. Mr. Costello asked Mr. Butler if he would accept service and Mr. Butler responded that he would have to receive authorization from all defendants prior to accepting service on their behalf. Thereafter, on February 17, 2010, Ms. Mains forwarded Mr. Butler a copy of the Complaint and Acknowledgment of Service. Ms. Mains never provided Mr. Butler with both the Summons and Complaint; and Mr. Butler never executed the Acknowledgment of Service.

In either April or early May 2010, Mr. Costello and Mr. Butler spoke again on the phone about the issue of acceptance of service. The parties dispute the contents of that conversation. Mr. Butler claims that he represented that all Defendants authorized him to accept service on their behalf, but that he would only do so if they had not already been served. Mr. Costello allegedly did not know the status of service at that time, and sent an email request to his paralegal to determine whether Defendants had been served. On June 9, 2010, Mr. Butler

---

[1] Specifically, Plaintiff asserts an age discrimination claim under the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 et seq. Plaintiff also brings a claim against Defendants Eichmann and Harrington for aiding-and-abetting unlawful age-based discrimination.

received an email from Ms. Mains asking again whether he would accept service on behalf of all Defendants.  On June 10, 2010, Mr. Butler emailed Ms. Mains the signed Acknowledgment of Service.  Mr. Butler filed a Notice of Removal pursuant to 28 U.S.C. § 1446 on July 1, 2010.

Plaintiff now moves to remand this matter back to the Superior Court of New Jersey, arguing that Defendants failed to timely remove the matter pursuant to 28 U.S.C. § 1446(b).  The parties submitted their respective briefs, and the motion is ripe for review.

## II.     ANALYSIS

Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal in a civil action "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  28 U.S.C. § 1446(b).  The Supreme Court has interpreted Section 1446(b) in light of the principle that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified in the action, and brought under a court's authority by formal process."  Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).

Under New Jersey Court Rule 4:4-3 "[s]ummonses shall be served together with a copy of the complaint, by the sheriff, or by a person specially appointed by the court for that purpose, or by plaintiff's attorney or the attorney's agent, or by any other competent adult not having a direct interest in the litigation."  Moreover, under New Jersey Court Rule 4:4-6 "an acceptance of the service of summons, signed by the defendant's attorney, or signed and acknowledged by the defendant, shall have the same effect as if the defendant had been properly served."  Thus, in New Jersey, service is complete when a plaintiff simultaneously provides the defendant with a copy of the complaint and summons, or when the defendant executes an acknowledgment of

service.  See Joshi v. K-Mart Corp., No. 06-5448, 2007 WL 2814599, at *3 (D.N.J. Sept. 25, 2007).

The Court finds that removal was timely.  Plaintiff's counsel failed to personally serve Defendants' counsel with both the summons and complaint pursuant to New Jersey Court Rule 4:4-3.  Thus, the Court must determine whether Plaintiff properly served Defendants under New Jersey Court Rule 4:4-6.  As previously stated, under New Jersey Court Rule 4:4-6, service is proper when the receiving party executes an acknowledgment of service.  Plaintiff mailed Defendants' counsel a courtesy copy of the Complaint and the Acknowledgment of Service on February 17, 2010.  Defendants executed the Acknowledgment of Service on June 10, 2010.  Thus, service was proper as of June 10, 2010.  Defendants' had thirty days from that date to file the notice of removal.  Defendants' filed the notice of removal on July 1, well within the thirty-day statutory limit for removal.  Therefore, removal was timely under 28 U.S.C. § 1446(b).

### III.    CONCLUSION

For the reasons discussed above, Plaintiff's motion to remand is **DENIED**.  An appropriate order shall enter today.

Dated: 3/14/2011                                                    /s/ Robert B. Kugler
                                                                            ROBERT B. KUGLER
                                                                            United States District Judge